893 So.2d 246 (2004)
Milton CLAYTON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-01925-COA.
Court of Appeals of Mississippi.
July 27, 2004.
Rehearing Denied December 7, 2004.
Certiorari Denied February 10, 2005.
*247 James H. Arnold, Durant, Laurel G. Weir, Philadelphia, attorneys for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before SOUTHWICK, P.J., IRVING and GRIFFIS, JJ.
IRVING, J., for the Court.
¶ 1. Milton Clayton was convicted in the Circuit Court of Lauderdale County of burglary of a dwelling. He was sentenced to eighteen years in the custody of the Mississippi Department of Corrections. Clayton now appeals and assigns the following issues as error: (1) the court erred in not granting a mistrial after the State mentioned other crimes allegedly committed by him, (2) the court erred in refusing to grant certain jury instructions offered by him, (3) the court erred in failing to grant him a continuance, and (4) the court erred in overruling his motion in limine. Finding no error, we affirm all issues.

FACTS
¶ 2. Upon returning home from work on the afternoon of February 12, 2002, Brian Gressett opened the door to his trailer and became suspicious when he noticed a bag sitting in the middle of his hallway. Gressett became even more suspicious when he heard noises coming from the back of the trailer. He immediately went to his parents' home which was located about a quarter of a mile away. Gressett retrieved a gun from their house, and he and his mother returned to the trailer. Shortly thereafter, Gressett's father arrived. Gressett and his parents went into the trailer to look around, and Gressett concluded that someone had been inside. He then left his parents inside and went searching for the perpetrator. He returned about five minutes later, and his mother informed him that his father was inside the trailer with the intruder.
¶ 3. Gressett's father testified that after his son left the trailer, he found a person, later identified as Milton Clayton, in a back closet hiding under clothes. Gressett's father ordered Clayton out of the closet and took him to the living room while Gressett's mother called 911 outside. Clayton had stuffed underwear belonging to Gressett's wife in his pants, and had some of her jewelry in his jacket pocket. Gressett also found a shopping bag filled with his wife's clothing and other items. Additional facts will be discussed during our analysis of the issues.

ANALYSIS AND DISCUSSION OF THE ISSUES

(1) Motion for Mistrial
¶ 4. Clayton first argues that the trial court erred in not granting him a mistrial after the State mentioned other crimes allegedly committed by him. The State, however, maintains that because Clayton failed to make a contemporaneous *248 objection, this assignment of error is procedurally barred. We note that Clayton alleges in his brief two separate instances in which the State made mention of other crimes, once during voir dire, and twice during opening statements. However, the record reflects that Clayton moved for a mistrial only once. As the State points out, Clayton's motion for a mistrial was predicated on a matter that occurred during voir dire. Nevertheless, we will also address Clayton's allegation of error concerning the state's mention of other crimes during its opening statements.
¶ 5. Clayton first contends that the State erred in mentioning other criminal acts during voir dire. During voir dire, the trial judge questioned prospective jurors in order to determine if they knew Clayton. Juror 40 responded that "Mr. Clayton went to school with one of my older brothers. And approximately three or four years ago while working with auxiliary deputies in Lauderdale County, I was involved in an arrest of Mr. Clayton." At the conclusion of voir dire, Clayton moved for a mistrial based upon the statements of Juror 40 concerning the arrest. The trial judge overruled the motion and stated that the problem could be solved by striking the juror since he did not state what particular charge the arrest was based on.
¶ 6. A thorough examination of the record reveals that Clayton failed to bring the matter to the court's attention in a timely manner. The record reflects that Clayton waited until after the conclusion of voir dire before objecting and moving for a mistrial. "It has been [consistently held] that the failure to make a contemporaneous objection at trial constitutes a waiver of any error subsequently assigned." Moawad v. State, 531 So.2d 632, 634 (Miss.1988). Therefore, this issue is procedurally barred and not properly before the Court for consideration.
¶ 7. However, procedural bar notwithstanding, we find no merit in this issue. We fail to see any prejudice which occurred as a result of the juror's answer. As the trial court observed, the juror did not state the crime for which Clayton was being arrested. Moreover, Clayton could have moved for a limiting instruction if he believed the juror's comment tended to poison the venire.
¶ 8. Clayton next argues that the State's mention of other crimes during its opening statement requires reversal. During opening statements, the State remarked that after Clayton was apprehended by the Gressetts, he stated that "He was sorry. He had been in another house there, and he knew that Brian had nice things and that he knew some people " At that time, Clayton's attorney stated:
BY MR. ARNOLD: Your Honor, may we approach briefly?
BY THE COURT: Yes, sir.
A bench conference was then held outside the hearing of the jury and the court reporter.
BY THE COURT: All right. Let's move on.
The State then resumed its opening statement.
¶ 9. The record shows that while Clayton's attorney asked to approach the bench, he did not specifically state his objection on the record. "Objections to the admissibility of evidence must specifically state the grounds, otherwise, the objection is waived." Oates v. State, 421 So.2d 1025, 1030 Miss. (1982). Additionally, we do not have the benefit of knowing what transpired between the judge and the attorneys since the bench conference was not made a part of the record. "In the absence of anything in the record appearing to the contrary, this Court presumes *249 that the trial court acted properly." Moawad, 531 So.2d at 635. Accordingly, we hold that Clayton did not properly preserve this allegation for appellate review.

(2) Jury Instructions
¶ 10. Clayton proposed eight jury instructions, and all of them were refused by the trial judge. Clayton argues that the trial court erred in refusing the instructions, specifically instructions D-1, D-3, and D-4.
¶ 11. Our supreme court has consistently held that "when determining whether error lies in the granting or refusal of various instructions, we must consider all the instructions given as a whole." Simmons v. State, 805 So.2d 452, 476(¶ 37) (Miss.2001). "When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found." Id.
¶ 12. The trial judge refused instructions D-1 and D-2, which instructed the jury to find the defendant not guilty as to all charges, on the basis that they were peremptory in nature. Instruction D-3 was refused because its language had already been given in other instructions given by the court. The judge refused instruction D-4 because it was a circumstantial evidence instruction. Instruction D-5 was refused on the basis that it was cumulative in nature because a similar instruction had already been given in instructions by the court, and instruction D-6, which instructed the jury concerning Clayton's testimony, was refused because it was moot since Clayton did not testify. Instruction D-7, which set forth the essential elements of the crime, was refused because a similar instruction had already been given, and instruction D-8 was refused because it commented on the evidence.
¶ 13. Considering together the instructions granted by the judge, we find that the jury was adequately instructed on the relevant issues without having heard Clayton's proposed instructions. Therefore, this issue lacks merit.

(3) Continuance
¶ 14. Clayton contends that the trial court's failure to grant him a continuance deprived him of a fair trial. Clayton further argues that his new attorney should have been allowed a reasonable time to prepare for trial so that he could adequately represent him. The State counters that Clayton's proposition on this issue is waived because he failed to obtain a ruling on his motion for continuance.
¶ 15. Clayton filed a motion for continuance on September 30, 2002. However, the record does not reflect a ruling on the motion by the judge, nor does it reflect that an order was entered. "It is the responsibility of the movant to obtain a ruling on all motions filed by [him], and the failure to obtain a ruling constitutes a waiver." Martin v. State, 354 So.2d 1114, 1119 (Miss.1978). Consequently, there is no merit in this assignment of error.

(4) Motion in Limine
¶ 16. Clayton's final allegation of error concerns the introduction of a small kitchen knife that police found on him when he was arrested. Clayton filed a motion in limine to exclude the knife from being mentioned and introduced into evidence, but the judge denied the motion.
¶ 17. "The relevancy and admissibility of evidence are largely within the discretion of the trial court, and reversal may be had only where that discretion has been abused." Parker v. State, 606 So.2d 1132, 1136 (Miss.1992). "Unless the trial judge's discretion is so abused as to be prejudicial to the accused, this Court will not reverse *250 his ruling." Id."[This] discretion must [however] be exercised within the boundaries of the Mississippi Rules of Evidence." Id.
¶ 18. A thorough examination of the record does not indicate an abuse of discretion of the trial judge in admitting the evidence. Therefore, this issue lacks merit.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY OF CONVICTION OF BURGLARY OF A DWELLING HOUSE AND SENTENCE OF EIGHTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.