902 So.2d 626 (2004)
Vera HICKS a/k/a Vera Rachelle Hicks, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-KA-01110-COA.
Court of Appeals of Mississippi.
November 30, 2004.
Rehearing Denied March 15, 2005.
Certiorari Denied May 26, 2005.
*627 Anthony J. Buckley, Laurel, attorney for appellant.
Office of the Attorney General by: Billy L. Gore, attorney for appellee.
EN BANC.
ISHEE, J., for the Court.
¶ 1. Vera Hicks was convicted in the Circuit Court of Lauderdale County on the charges of felony shoplifting and receiving stolen property. Hicks has appealed asserting that: (1) the trial court erred in not granting the defendant's request for a continuance as to count two of the indictment as the charge was less than one week old; and (2) the State's evidence was legally insufficient to establish the crime of shoplifting. We affirm the conviction as to count one, and reverse and remand as to count two.

STATEMENT OF FACTS AND DISCUSSION
¶ 2. Vera Hicks was originally indicted in Cause No. 167-02 for the charge of felony shoplifting from a K-Mart Department Store on or about January 16, 2002. This cause was set for trial on August 28, 2002. At the trial, the State moved nolle prosequi on the charge before the jury was seated on the grounds that they wished to re-indict Hicks to show that Hicks had committed felony shoplifting, which was her third offense. Hicks's defense counsel did not object to the nolle prosequi at that time because Hicks had wished to retain new counsel for her defense.
¶ 3. On November 20, 2002, the grand jury returned a new indictment against Hicks. She was re-indicted in Cause No. 705-02 for the amended charge of felony shoplifting. The grand jury also issued a second count for the felony of receiving stolen property. Hicks was not served with this new indictment until five-o'clock, Friday, December 6, 2002 with her case being set for trial on Monday, December 9, 2002.
¶ 4. When Hicks was served on Friday, December 6, 2002, it was discovered that she had not hired new counsel as she had indicated at her previous court appearance. Therefore, the original trial attorney was called to defend her on her new indictment that Monday morning. The trial attorney stated to the court that he was *628 prepared to go forward on count one, the felony shoplifting charge, but could not try count two, receiving stolen property. The stolen property count was a brand new charge of which he had no notice because Hicks had only been served with process three days earlier; two of those three days were a weekend in which the courthouse was closed.
¶ 5. Trial counsel made timely objections to trying count two because he had literally only seen the new indictment "three minutes before trial." It is also established in the record that Hicks was served with her new indictment less than seventy-two hours prior to trial. Although the State apparently did not object to a continuance made at Hick's request, the trial court noted that the defense counsel's continuing objection to trying count two would force Hicks to go to trial on both counts.
¶ 6. This Court has repeatedly said that trial judges have vested in them broad discretionary powers in granting or refusing to grant a continuance. McClendon v. State, 335 So.2d 887 (Miss.1976). Furthermore, unless the trial court abuses its discretion to the prejudice of the defendant, his actions will not be held in error nor will the denial of a motion for continuance be grounds for reversal unless it is shown to have resulted in "manifest injustice." Coleman v. State, 697 So.2d 777 (Miss.1997); Atterberry v. State, 667 So.2d 622 (Miss.1995). In this case, it is clear that it was a manifest injustice to proceed to trial because Hicks had only been indicted less than twenty days prior to trial and had only received the indictment which included a new charge less than seventy-two hours prior to trial. Furthermore, Hicks was incarcerated and was unable to reach her attorney until the actual morning of the trial. Hicks's attorney had no time to conduct discovery or review any of the matters involving the felony shoplifting charge, including verifying any previous convictions, determining whether or not Hicks had been represented by counsel, or whether she had waived representation in other matters that could go toward a valid defense.
¶ 7. To uphold Hicks's conviction for possession of stolen property, which occurred approximately seventy-two hours after service of the indictment, would be a manifest injustice to Hicks. Therefore, Hicks's conviction for possession of stolen property is reversed and remanded for a new trial on the ground cited herein. This Court finds Hicks's other issue to be without merit.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY OF CONVICTION OF COUNT I, FELONY SHOPLIFTING, AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT THE POSSIBILITY OF EARLY RELEASE OR PAROLE IS AFFIRMED; COUNT II, POSSESSION OF STOLEN PROPERTY, IS REVERSED AND REMANDED FOR A NEW TRIAL. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
KING, C.J., IRVING, MYERS AND BARNES, JJ., CONCUR. CHANDLER, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY BRIDGES AND LEE, P.JJ. AND GRIFFIS, J.
CHANDLER, J., Concurring in Part, Dissenting in Part.
¶ 9. I concur with the majority that the jury verdict to find Vera Hicks guilty of felony shoplifting should be affirmed. However, I believe we are procedurally *629 barred from hearing Hicks's argument that the circuit judge erred in trying Hicks's indictment for receiving stolen property, and I also believe the circuit court judge was within his discretion to try her indictment for possession of stolen property. For these reasons, I respectfully dissent as to the majority's holding that Hicks's conviction of possession of stolen property should be reversed.
¶ 10. Certain errors must be brought to the attention of the circuit court judge in a motion for new trial before this Court can review them. One of the errors is the denial of a continuance in the trial court, which is not reviewable unless the party whose motion for continuance is denied makes a motion for a new trial on this ground. Crawford v. State, 787 So.2d 1236, 1242-43 (¶ 25) (Miss.2001) (citations omitted). In Hicks's motion for new trial, one of Hicks's assignments of error was that the trial judge erred in trying Count II of her indictment. In my view, this assignment of error is not specific enough to allow this Court to hear Hicks's argument. A motion for continuance upon the ground that an attorney did not have sufficient time to prepare for trial is subject to proof and also as to facts as they may appear from that which is known to the trial court. McFadden v. State, 408 So.2d 476, 479 (Miss.1981). In McFadden, the supreme court upheld the lower court's denial of the continuance, since "the affidavit for continuance failed to comply with statutory requirements." Id. 478-79. Likewise, in this case, Hicks's attorney made no showing that his knowledge of Hicks's new indictment would have changed his defense in any way. The circuit court judge insisted on trying the case in spite of Hicks's attorney's objection because the two indictments were based on exactly the same facts. Counsel for Hicks has not demonstrated that Hicks's defense would have been any different if he had additional time to prepare for the charge of receiving stolen property. Based on the precedent in McFadden, I believe Hicks's attorney must make this affirmative showing to the circuit court judge before we are allowed to address the issue.
¶ 11. Hicks's attorney had the opportunity and the obligation to explain why the trial judge erred in denying a continuance in his motion for a new trial. After the trial was held and the jury rendered a conviction, Hicks's attorney would surely have known whether he would have prepared a different defense and whether this defense would be likely to change the outcome of the case. The circuit court judge needs this information in order to decide whether he erred in denying the continuance. We are procedurally barred from hearing Hicks's argument for this reason. The supreme court has succinctly stated: "The denial of a continuance in the trial court is not reviewable unless the party whose motion for continuance was denied makes a motion for a new trial on this ground, making the necessary proof to substantiate the motion." Pool v. State, 483 So.2d 331, 336 (Miss.1986) (citing Colson v. Sims, 220 So.2d 345, 347 n. 1 (Miss.1969); Jackson v. State, 423 So.2d 129, 132 (Miss.1982)). A mere assertion that the court erred in trying Count II of the indictment clearly does not meet this test. I therefore dissent.
¶ 12. The majority is correct that the denial of a continuance should be reversed when "manifest injustice" resulted. I disagree with the conclusion the majority has reached and believe that trying Hicks's indictment for receiving stolen property fails to meet the standard of manifest injustice. The moving party has the burden of proving the trial court abused its discretion in denying the motion for continuance. Wilson v. State, 755 So.2d 2, 5 (¶ 11) (Miss. *630 Ct.App.1999). Hicks has not met this burden.
¶ 13. On the day the case went to trial, the circuit judge had already granted four prior continuances for Hicks. Moreover, while the judge recognized that Hicks's attorney did not have much time to prepare a defense for the new indictment, the new indictment arose from the same set of facts and would not change the defense. The circuit judge stated as follows:
There is no question in my mind whatsoever that defense counsel was fully aware that his client was accused of having a large quantity of alleged stolen merchandise as being the basis or at least part of the basis for the State's proceeding on felony shoplifting of property valued at more than $250. I can't see how he can say with a straight face that he wasn't aware of those facts that are alleged to have arisen on the day this crime occurred.
Hicks's attorney should demonstrate how the new indictment would have changed the defense before any injustice done to Hicks would be considered "manifest." The burden of showing manifest injustice is not satisfied by conclusory arguments alone. The defendant is required to "show concrete facts that demonstrate the particular prejudice to the defense." Stack v. State, 860 So.2d 687, 691-92(¶ 7) (Miss.2003) (citing Burns v. State, 729 So.2d 203, 213(¶ 29) (Miss.1998); Atterberry v. State, 667 So.2d 622, 631 (Miss.1995); Jackson v. State, 538 So.2d 1186, 1189 (Miss.1989)). Hicks has made no showing that the new indictment prejudiced her defense.
¶ 14. I agree with the majority that Hicks's conviction for felony shoplifting should be affirmed. I would also affirm Hicks's conviction for receiving stolen property.
BRIDGES AND LEE, P.JJ. AND GRIFFIS, J., JOIN THIS SEPARATE WRITTEN OPINION.