963 So.2d 49 (2007)
Art Tyrone EASTERLING, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KA-00838-COA.
Court of Appeals of Mississippi.
August 21, 2007.
Wm. Andy Sumrall, Laurel, attorney for appellant.
Office of the Attorney General by W. Daniel Hinchcliff, attorneys for appellee.
Before LEE, P.J., BARNES and CARLTON, JJ.
BARNES, J., for the Court.
¶ 1. Art Tyrone Easterling appeals from a judgment of conviction in the Circuit Court of Forrest County, Mississippi for the crime of grand larceny and a resulting *51 ten-year sentence as a habitual offender. We find no merit to the assignments of error and affirm the trial court's judgment.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. According to testimony presented at trial, on or about February 9, 2005, a red Chevrolet S-10 truck was stolen from Wholesale Auto Parts in Jackson, Mississippi. On February 14, 2005, at approximately five o'clock in the evening, Jason Stringer was shopping at the Corner Market in Hattiesburg, Mississippi. Upon exiting the store, he saw a red Chevrolet S-10 truck hauling a Yamaha four-wheeler and trailer, which belonged to Stringer. Stringer ran over to the S-10 and opened the passenger door, but the truck sped off. Stringer called the police who promptly notified area law enforcement to be on the lookout for the red truck and trailer with the Yamaha four-wheeler. The tag number for the vehicle was also provided.
¶ 3. Approximately five minutes later, according to testimony, a deputy with the Forrest County Sheriff's Department, Gary Ross Carter, spotted the truck and trailer. He followed the vehicle for a few minutes to ascertain the tag number and, upon determining this was the vehicle in question, attempted to pull over the vehicle. A few minutes later, the vehicle stopped, and the suspect quickly abandoned the truck and ran through a field. Carter followed in his car until the suspect went through a hole in a fence at the Dairy Fresh plant. Carter attempted to follow on foot but lost the suspect in the woods near the car auction lot. Carter, along with another deputy, went inside the auction where he observed Art Tyrone Easterling, whom Carter believed to be the same man he had pursued. Easterling was not wearing a buyer's badge, and his boots were muddy. While the other deputy watched Easterling, Carter scanned the room for anyone else who looked out of place and found no one. They then approached Easterling and arrested him. During this time, Stringer had arrived on the scene to identify his property. After bringing Easterling back to the location of the vehicles, Stringer identified him as the man who stole his property. In addition, two Dairy Fresh employees who observed the chase by Carter identified Easterling at that time as the man they had seen running.
¶ 4. Easterling was indicted May 26, 2005, of grand larceny and receiving stolen property. A trial was held in Forrest County Circuit Court on March 22, 2006. On the morning of the trial, Easterling made a motion for withdrawal of the attorney from the public defender's office and for substitution of counsel, a motion for continuance of trial in order that new counsel might adequately prepare for trial, and a motion in limine to exclude the identification evidence. The trial court allowed the public defender attorneys to stay and assist new counsel with the defense but denied Easterling's motion for continuance. The trial court later ruled that, based on the totality of the circumstances, the identifications of Easterling by the witnesses would not be suppressed. After hearing the evidence presented, the jury returned a verdict of not guilty of receiving stolen property, but guilty of grand larceny. Easterling was sentenced to ten years as a habitual offender.[1] The circuit court denied Easterling's motion for judgment notwithstanding the verdict or, in the alternative, a new trial on May 8, 2006.
*52 ¶ 5. Easterling appeals from this judgment asserting that the evidence of identification should have been excluded as unreliable and suggestive, the circuit erred in its denial of the motion for continuance, and the verdict was contrary to the evidence.
I. WHETHER THE IDENTIFICATION EVIDENCE SHOULD HAVE BEEN EXCLUDED AS SUGGESTIVE AND UNRELIABLE.
¶ 6. "The relevancy and admissibility of evidence are largely within the discretion of the trial court, and reversal may be had only where that discretion has been abused." Clayton v. State, 893 So.2d 246, 249(¶ 17) (Miss.Ct.App.2004) (quoting Parker v. State, 606 So.2d 1132, 1136 (Miss.1992)). Easterling argues that Stringer's and the Dairy Fresh employees' identifications of Easterling in the police car were suggestive and prejudicial. In addition, Easterling says that all four identification witnesses did not testify with absolute certainty that they could recognize him as the same man who ran from the truck and was chased by Carter. Easterling cites testimony from Carter stating that, at the auction, Carter had to go around the room to make sure there was no one, other than Easterling, who looked similar to the person he chased into the woods. There is also dispute as to how dark it was outside during the theft and the chase of the suspect. Although the witnesses stated that it was dusk, they said there was sufficient light to see. Easterling points to these facts as indicia of unreliability in the identification.
¶ 7. The Mississippi Supreme Court has stated that even where pretrial identification is impermissibly suggestive, a defendant must still "show the conduct gave rise to a very substantial likelihood of irreparable misidentification." York v. State, 413 So.2d 1372, 1384 (Miss.1982). In eyewitness identifications, Mississippi courts look to "whether under the `totality of the circumstances' the identification was reliable even through the confrontation was suggestive." Outerbridge v. State, 947 So.2d 279, 282(¶ 9) (Miss.2006) (citing Neil v. Biggers, 409 U.S. 188, 199, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972)). Neil outlined five factors for evaluating whether there is a likelihood for error in identification. These factors are:
the opportunity of the witness to view the criminal at the time of the crime, the witness's degree of attention, the accuracy of the witness's prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

Id. (emphasis added). In the case before us, Stringer was merely a few feet away from the man stealing his property. The two Dairy Fresh employees both looked at the man running across the lot from a distance of approximately twenty-five feet. All three witnesses identified Easterling not more than a couple of hours after seeing him. All witnesses identified Easterling at the scene with a high level of certainty, even though they could not do so at trial. While identifying Easterling sitting in a patrol car may have been suggestive, the circuit court properly evaluated the admissibility of the identifications by looking toward the factors in Neil.
¶ 8. Therefore, based on the totality of the circumstances surrounding the identifications, we find the trial judge did not abuse his discretion in admitting the evidence of the pre-trial identifications.
II. WHETHER THE TRIAL COURT ERRED IN DENYING EASTERLING'S MOTION FOR CONTINUANCE.
¶ 9. "The decision to grant or deny a motion for a continuance is within *53 the sound discretion of the trial court and will not be grounds for reversal unless shown to have resulted in manifest injustice." Coleman v. State, 697 So.2d 777, 780 (Miss.1997); see Atterberry v. State, 667 So.2d 622, 631 (Miss.1995). In this case, Easterling was initially represented by the Forrest County public defender's office. At least two weeks prior to trial, Easterling discussed his case with a private attorney, William Andy Sumrall, concerning possible representation of Easterling. However, Easterling did not retain Mr. Sumrall until the day before trial. Easterling argues that the trial court's denial of his motion for continuance resulted in manifest injustice.
¶ 10. Easterling cites Hicks v. State, 902 So.2d 626 (Miss.Ct.App.2004), as an example where newly-appointed counsel had less than seventy-two hours to prepare for trial and this Court found the trial court's denial of the motion for continuance in error and remanded for a new trial. However, as the State correctly points out, Easterling fails to mention that, in Hicks, the defendant only received her amended indictment seventy-two hours prior to trial and, therefore, had no opportunity to contact counsel until the day of trial. In the case before us, Easterling knew months in advance of the charges against him and had ample opportunity to hire counsel. In fact, Mr. Sumrall had discussed his case with Easterling two weeks prior to going to trial and was made aware of the impending trial date. Easterling asserts in his reply brief that Mr. Sumrall had no obligation to conduct any preparation until such time as he was retained. While we understand Mr. Sumrall's plight, Easterling caused this undesirable situation by delaying the hiring of new counsel until the last minute. "[W]here a defendant retains new counsel at the eleventh hour, he is not entitled to a continuance merely because new counsel was unprepared." Byrd v. State, 522 So.2d 756, 759 (Miss.1988).
¶ 11. We find there was no abuse of sound discretion by the lower court, no injustice resulted from a denial of the continuance, and the assigned error must be rejected.

III. WHETHER THE VERDICT IS CONTRARY TO THE EVIDENCE.
¶ 12. A jury's verdict will not be disturbed by an appellate court unless it is so contrary to the overwhelming weight of the evidence that allowing it to stand would sanction an unconscionable injustice. Simmons v. State, 722 So.2d 666, 673(¶ 54) (Miss.1998). Again, Easterling points to the witness lack of reliability and the fact that there was no physical evidence presented, such as the muddy boots Easterling was wearing. He states that there was no credible link between him and the person who stole the property. We do not agree.
¶ 13. This Court must accept as true the evidence that is favorable to the State. Le v. State, 913 So.2d 913, 957 (¶ 164) (Miss.2005). There were four witnesses who stated on the evening of the crime that Easterling was the person who either stole the property or ran from the police. Easterling was found near the abandoned stolen property with fresh mud on his boots and no credentials to be where he was. We find that the evidence presented to the jury was legally sufficient, and the guilty verdict is not against the overwhelming weight of the evidence. This issue is without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY OF CONVICTION OF *54 GRAND LARCENY AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER, WITHOUT THE BENEFIT OR POSSIBILITY OF PAROLE OR EARLY RELEASE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] On July 31, 1996, Easterling had been convicted on eight separate counts of grand larceny in Covington and Simpson counties.