LEE, C.J.,
for the Court:
¶ 1. This appeal arises from Twila Dawn Nunnery’s conviction for neglect of her adopted daughter, Jane,[1] and touching her for lustful purposes. Nunnery now appeals, arguing: (1) the trial court erred in allowing hearsay testimony in violation of her confrontation rights and right to a fair trial; (2) the trial court erred in allowing Connie Keene’s testimony regarding her interview with Jane because it was improper, prejudicial, and inflammatory; (3) the trial court erred in not allowing the testimony of Dan Smith; (4) the trial court erred in allowing Quentin Nunnery to testify about his relationship with Nunnery prior to their marriage; (5) plain error; and (6) cumulative error.
FACTS AND PROCEDURAL HISTORY
¶ 2. Nunnery was arrested in May 2008, and, in January 2009, was indicted by a Forrest County grand jury for neglect of a child and touching a child for lustful purposes. She was tried in Forrest County Circuit Court on August 10, 2009.
¶ 3. At trial, Quentin, Nunnery’s husband, testified that while he began fondling Jane when she was young enough to be given a bath, the sexual abuse escalated in 2007 when she was twelve years old.[2] According to Quentin, he had confessed to Nunnery in 2007 that he had fondled Jane. Quentin stated that after communicating his unhappiness about their marriage to Nunnery, Nunnery brought Jane into the bedroom, and after Nunnery demonstrated oral sex on Quentin, Jane also performed *108 oral sex on him. Quentin testified that Nunnery had touched Jane in a sexual manner. Additionally, Quentin stated that he and Nunnery abused Jane four times during the late spring and summer of 2007.
¶ 4. Jane, who was fourteen years old at the time of trial, testified that Quentin began sexually abusing her when she was about six or seven years old. She also testified that Nunnery had demonstrated oral sex on Quentin and that she then performed oral sex on him. During this abuse, Jane, Nunnery, and Quentin were naked in Nunnery’s bed. Jane also stated that Nunnery had touched her in a sexual way. Jane could not recall the number of times the abuse occurred, nor could she recall many details about the abuse. When questioned about her lack of memory, Jane stated that she had tried to block the incidents out.
¶ 5. Keene, an investigator with the Forrest County and Perry County District Attorney’s Office, testified that she had interviewed Jane and that Jane had told her about the same accounts of abuse to which Jane had testified in court.
¶ 6. Additionally, Sergeant Gavin Guy of the Petal Police Department testified. Sergeant Guy stated that he had interviewed Nunnery twice, and that the second interview had been recorded on video. This recording was shown to the jury. In the interview, Nunnery stated that she had witnessed Quentin sexually abusing Jane twice. According to Nunnery, on the first occasion Quentin brought Jane into the bed, and while restraining Nunnery’s arm so that she could not leave, Quentin instructed Jane to perform oral sex on him. On the second' occasion, Nunnery walked into the bedroom and found Quentin performing oral sex on Jane. Nunnery stated that she did not inform the police because Quentin had threatened to take their children away from her.
¶ 7. Nunnery attempted to offer as an expert Stan Smith, a certified counselor with a doctoral degree in clinical psychology. Smith was to testify about Nunnery’s propensity to sexually abuse someone based on several tests, including the ABEL Assessment for Sexual Interest. At the time of trial, Smith had never been admitted to testify as an expert in a Mississippi court. The trial court did not allow Smith to testify.
¶ 8. Nunnery did not testify, nor did she present any evidence. The jury found Nunnery guilty of contributing to the neglect of a child and touching a child for lustful purposes. Nunnery was sentenced to ten years in the custody of the Mississippi Department of Corrections (MDOC) for the first count, neglect of a child, and to fifteen years in the custody of MDOC for the second count, touching a child for lustful purposes. The sentences were ordered to run consecutively. This appeal followed.
DISCUSSION
I. HEARSAY TESTIMONY
¶ 9. This Court applies “an abuse-of-discretion standard when reviewing claims that the trial judge erred by admitting hearsay.” White v. State, 48 So.3d 454, 456 (¶ 9) (Miss.2010) (citation omitted).
¶ 10. Nunnery argues that the trial court erred when it allowed Keene to testify to information Jane had given her during their interview. Nunnery asserts that the court should have conducted a hearing under Mississippi Rule of Evidence 803(25).
¶ 11. Rule 803(25) is also known as the tender-years exception, and provides:
*109 A statement made by a child of tender years describing any act of sexual contact performed with or on the child by another is admissible in evidence if: (a) the court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide substantial indicia of reliability; and (b) the child either (1) testifies at the proceedings; or (2) is unavailable as a witness: provided, that when the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.
For the trial court to determine if a young declarant’s out-of-court statement is admissible under the tender-years exception, “the court must determine (1) that the declarant is a child of tender years and (2) that the time, content, and circumstances of the statement provide substantial indicia of reliability.” Veasley v. State, 735 So.2d 432, 486 (¶ 14) (Miss.1999) (internal quotations omitted). The Mississippi Supreme Court in Veasley found that “there is a rebuttable presumption that a child under the age of twelve is of tender years.” Id. at (¶ 16). When the child declarant is twelve or older, the presumption does not apply, but “the trial court must make a case-by-case determination as to whether the [declarant] is of tender years. This determination should be made on the record and based on a factual finding as to the [declarant’s] mental and emotional age.” Id. at 437 (¶ 16).
¶ 12. Here, although Nunnery raised the issue of the tender-years exception in a motion in limine, she failed to raise it at the pretrial motions hearing and failed to object on that basis during Keene’s testimony. Nonetheless, the trial court failed to make an on-the-record determination whether Jane was of tender years. We find that the trial court erred in failing to determine if Jane was of tender years and if the tender-years exception was applicable.
¶ 13. The trial court’s error does not warrant reversal, however, because “the weight of the evidence against [Nunnery] is sufficient to outweigh the harm done by allowing admission of the evidence.” Klauk v. State, 940 So.2d 954, 957 (¶ 7) (Miss.Ct.App.2006). Prior to Keene’s testimony regarding Jane’s interview, Jane testified and recounted the abuse. Keene did not testify to any information Jane gave her during the interview that was not contained within Jane’s in-court testimony. Additionally, Quentin testified to the abuse, Sergeant Guy testified that Nunnery had confessed to knowing about the abuse, and the State played the video recording of that confession. The evidence properly before the jury outweighs the harm done by the admission of the hearsay statements. Therefore, we find the admission of the hearsay statements to be harmless error.
II. KEENE’S TESTIMONY
¶ 14. Nunnery asserts that the trial court erred in allowing Keene’s testimony about her interview of Jane, because the testimony was improper, prejudicial, and inflammatory. But Nunnery fails to cite any relevant authority to support her argument. “Failure to cite to relevant authority results in a waiver of the issue on appeal.” Bennett v. State, 933 So.2d 930, 953 (¶ 86) (Miss.2006). Therefore, this issue is without merit.
III. EXPERT TESTIMONY
¶ 15. For her next issue on appeal, Nunnery argues the trial court erred in not allowing the testimony of Smith. Smith was to testify to Nunnery’s propensity to sexually abuse a child based on *110 several tests, including the ABEL Assessment for Sexual Interest.
¶ 16. Again, Nunnery fails to cite any supporting authority, and, therefore, has waived this issue on appeal. See id. This issue is without merit.
IV. QUENTIN AND NUNNERY’S RELATIONSHIP PRIOR TO MARRIAGE
¶ 17. At trial, the State elicited testimony from Quentin about his relationship to Nunnery prior to their marriage, namely that Quentin met Nunnery when he was fifteen years old and she was thirty-one and that Nunnery was pregnant when she married Quentin, then seventeen. On appeal, Nunnery claims that this testimony was inflammatory, improper, prejudicial, and in violation of Mississippi Rules of Evidence 404(b) and 403.
¶ 18. Nunnery failed to object to this testimony at trial. Additionally, Nunnery questioned Quentin on cross-examination about their respective ages at the beginning of their relationship. “If no contemporaneous objection is made, the error, if any, is waived.” Rubenstein v. State, 941 So.2d 735, 751 (¶ 27) (Miss.2006). This issue is without merit.
V. PLAIN ERROR
¶ 19. Nunnery contends that plain error existed because: (1) her confrontation right was violated by Keene’s hearsay statements regarding Nunnery’s knowledge of Quentin’s abuse of Jane, as well as Nunnery’s own abuse of Jane, and (2) the State asked leading questions during Jane’s testimony and the trial court overruled Nunnery’s objection.
¶ 20. For this Court to apply the plain-error doctrine, “a party [must] prove that an error occurred which resulted in a manifest miscarriage of justice. This doctrine is only available when a defendant’s substantive or fundamental rights have been violated.” Starr v. State, 997 So.2d 262, 266 (1111) (Miss.Ct.App.2008) (internal quotations and citations omitted). Additionally, “[f]or the plain-error doctrine to apply, there must have been an error that resulted in a manifest miscarriage of justice or seriously affects the fairness, integrity or public reputation of judicial proceedings.” Conners v. State, 92 So.3d 676, 682 (¶ 15) (Miss.2012) (internal quotations omitted).
¶ 21. Nunnery contends that “Keene gave improper hearsay testimony regarding [Nunnery’s] knowledge [of Quentin’s abuse of Jane, as well as Nunnery’s own] abuse of [Jane,] which violated [Nunnery’s] confrontation rights.” Nunnery does not point out which statements were improper hearsay testimony. Keene’s testimony did contain hearsay statements by Jane, as noted previously. However, Jane testified at trial and was subject to cross-examination. In order for the Confrontation Clause to be triggered, the statements must be made by “a witness who does not testify at trial[.]” Id. at 683 (¶ 16). Thus, we find there is no plain error.
¶ 22. As for the leading questions asked by the State during Jane’s testimony, Mississippi Rule of Evidence 611(c) prohibits leading questions during direct examination “except as may be necessary to develop [the witness’s] testimony.” “However, the ‘classic example’ of a situation ripe for leading questions on direct is where the witness is a child.” Eakes v. State, 665 So.2d 852, 869 (Miss.1995). Here, it cannot be said that allowing the State to ask leading questions that were necessary to develop Jane’s testimony was “a manifest miscarriage of justice or seriously affects the fairness, integrity or public reputation of judicial proceed *111 ings.” Conners, 92 So.3d at 682 (¶ 15). Therefore, this issue is without merit.
VI. CUMULATIVE ERROR
¶ 23. Nunnery argues that the cumulative effect of multiple errors deprived her of a fundamentally fair trial.
¶ 24. Under the cumulative-error doctrine, the non-reversible errors may combine to create a reversible error because the defendant has been deprived of a fundamentally fair trial. Ross v. State, 954 So.2d 968, 1018 (¶ 138) (Miss.2007). While we found admittance of Keen’s hearsay testimony to be a non-reversible error, we found no other errors to combine to create a reversible error. Therefore, this issue is without merit.
¶ 25. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, NEGLECT OF A CHILD, AND SENTENCE OF TEN YEARS, AND COUNT II, TOUCHING OF A CHILD FOR LUSTFUL PURPOSES, AND SENTENCE OF FIFTEEN YEARS, WITH THE SENTENCES TO RUN CONSECUTIVELY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT.

. The name of the victim has been changed to protect her identity.

. Quentin was arrested in December 2007, and pleaded guilty to sexual battery, in violation of Mississippi Code Annotated section 95-3-95(2) (Rev.2006). At the time of trial, he had not been sentenced.