# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-00336-COA

JAMES C. GRAHAM                                                                     APPELLANT

v.

STATE OF MISSISSIPPI                                                                 APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/02/2017 |
| TRIAL JUDGE: | HON. DAL WILLIAMSON |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: MOLLIE MARIE MCMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KAYLYN HAVRILLA MCCLINTON |
| DISTRICT ATTORNEY: | ANTHONY J. BUCKLEY |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED: 10/02/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., FAIR AND WILSON, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     Early one morning, thirteen-year-old Betty[1] told her school bus driver that her father, James Graham, had sexually abused her the night before. Betty said Graham entered the bathroom while she was showering and, later that night, came in to her bedroom and forced her to perform oral sex on him. According to Betty, she threw up beside her bed afterwards.

¶2.     Graham was prosecuted for one count each of sexual battery and gratification of lust. At trial, both Graham and his wife testified Graham left their bedroom only twice that night,

---

[1] Because she is a minor, we will refer to the child as "Betty" to protect her identity.

once to use the bathroom and once to get a drink from the refrigerator. Graham denied ever going into Betty's bedroom. Graham's wife testified she knew of his movements the entire night because they had stayed up all night doing drugs.

¶3. The jury found Graham not guilty of sexual battery, but it convicted him of gratification of lust. Graham was sentenced to fifteen years in the custody of the Mississippi Department of Corrections, without eligibility for parole.

¶4. On appeal, Graham claims the circuit court erred in two respects. First, he claims the trial court erred in admitting four separate statements made by Betty after the incident without holding a hearing to determine whether she was of tender years. *See* M.R.E. 803(25). Second, Graham claims he received ineffective assistance of counsel at trial.

## DISCUSSION

### 1. Tender-Years Hearing

¶5. The standard of review for the admission or exclusion of hearsay evidence is abuse of discretion. *White v. State*, 48 So. 3d 454, 456 (¶9) (Miss. 2010). Reversible error may only be found where the trial court's abuse of discretion has affected a substantial right of a defendant and where the defendant raised an objection or made an offer of proof at trial. *Lynch v. State*, 877 So. 2d 1254, 1281 (¶86) (Miss. 2004).

¶6. Graham made no objection to the statements at trial. Still, on appeal, he contends the trial court was required to hold a hearing and determine that Betty was of tender years and that the time, content, and circumstances of her statements provided substantial indicia of

2

reliability before it could admit her out-of-court statements. For this argument, Graham relies on *Nunnery v. State*, 126 So. 3d 105 (Miss. Ct. App. 2013), where this Court held that the trial court committed error—albeit harmless error—in failing to conduct a tender-years hearing. *Id*. at 109 (¶¶12-13). We observed that Nunnery had filed a motion in limine to exclude the out-of-court statements, but she also "failed to raise [the issue] at the pretrial motions hearing and failed to object on that basis during [the witness's] testimony." Still, we held—without any further analysis or explanation—that under the particular facts of that case the trial court should have held a tender-years hearing. *Id*. at (¶12).

¶7.     It is not clear what Nunnery did to preserve the issue for appeal, but, at the very least, she filed a motion in limine challenging the evidence. *See id*. Graham filed no such motion, and his case is distinguishable on that basis alone. But we take this opportunity to clarify that statements from a child in a sex-abuse case are no different than any other statements that are allegedly hearsay when it comes to the contemporaneous objection rule—there is a contemporaneous objection rule, and it will be enforced. A contemporaneous objection must be made at trial in order to preserve the issue for appeal. *Smith v. State*, 530 So. 2d 155, 162 (Miss. 1988). And an objection or a motion, standing alone, will not preserve the issue for appeal unless the party pursues it to a ruling by the trial court: "It is the responsibility of the movant to obtain a ruling on all motions filed by him, and the failure to obtain a ruling constitutes a waiver." *Clayton v. State*, 893 So. 2d 246, 249 (¶15) (Miss. Ct. App. 2004) (quoting *Martin v. State*, 354 So. 2d 1114, 1119 (Miss. 1978)). Likewise, "[i]t is the duty of

3

a trial counsel . . . to promptly make objections and insist upon a ruling by the trial court."
*Keller v. State*, 138 So. 3d 817, 864 (¶127) (Miss. 2014).

¶8.     Graham's concerns with the hearsay testimony could be addressed, if at all, for plain error. *See Keithly v. State*, 111 So. 3d 1202, 1204 (¶8) (Miss. 2013). "To constitute plain error, the trial court must have deviated from a legal rule, the error must be plain, clear or obvious, and the error must have prejudiced the outcome of the trial." *Id*. With regard to hearsay evidence, we have held that there can be no plain error because "[n]o legal rule requires a trial judge to exclude hearsay in the absence of an objection," and "[t]rial judges are not expected to strike or exclude hearsay sua sponte." *Shaheed v. State*, 205 So. 3d 1105, 1112 (¶21) (Miss. Ct. App. 2016) (internal quotation marks omitted). We further observed in *Shaheed* that "[w]hether to object is a decision left to the discretion of counsel, who may have strategic reasons for not objecting." *Id*. Indeed, that appears to be exactly what happened here: Graham's attorney did not object to the statements because he wanted to use the apparent inconsistencies between them to attack Betty's credibility.

¶9.     Absent a contemporaneous objection, the trial court was not required to hold a tender-years hearing nor make factual findings related to whether the tender-years exception applied, and we cannot find plain error in the unopposed admission of hearsay statements. This issue is without merit.

### 2.     Ineffective Assistance of Counsel

¶10.    Graham claims he received ineffective assistance of counsel at trial. In support of his

4

claim, Graham argues his attorney was ineffective in not objecting to hearsay testimony and eliciting testimony that Graham may have previously been arrested for rape in the past.

¶11.    Typically, claims of ineffective assistance should be raised in a motion for post-conviction relief, not on direct appeal. *Pinter v. State*, 221 So. 3d 378, 386 (¶18) (Miss. Ct. App. 2017). "Because an appellate court is limited to the trial record on direct appeal, issues of ineffective assistance of counsel are more appropriate in a motion for post-conviction relief." *Id.* (quoting *Johnson v. State*, 191 So. 3d 732, 735-36 (¶13) (Miss. Ct. App. 2015)). "With respect to the overall performance of the attorney, 'counsel's choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections fall[s] within the ambit of trial strategy' and cannot give rise to an ineffective assistance of counsel claim." *Carr v. State*, 873 So. 2d 991, 1003 (¶27) (Miss. 2004) (quoting *Cole v. State*, 666 So. 2d 767, 777 (Miss. 1995)).

¶12.    As we explained in the prior issue, Graham's attorney's decision not to object to the victim's various statements appears to have been trial strategy. The same appears to be true for the allegation of prior rape charges; the attorney tried to show that the victim had *falsely* alleged Graham had been previously charged or arrested for rape. Still, the facts surrounding these issues are not fully apparent from the record, and they are better suited for a motion for post-conviction relief. We deny relief on Graham's ineffective assistance claims on direct appeal without prejudice to file a future motion for post-conviction relief.

¶13.    **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**